IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT DOLEMBA, on behalf of plaintiff and the class defined below, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| LIBERTY POWER CORP., LLC, and LIBERTY POWER HOLDINGS, LLC | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Scott Dolemba brings this action to secure redress from unlawful telemarketing practices engaged in by defendants Liberty Power Corp., LLC and Liberty Power Holdings, LLC. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.  The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

3.  This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

4.  Venue and personal jurisdiction in this District are proper because:

    a.  Defendant's communications were received by plaintiff within this District;

    b.  Defendants transact business within this District.

### PARTIES

5.  Plaintiff Scott Dolemba is an individual who resides in the Northern District of Illinois.

6.  Defendant Liberty Power Corp., LLC is a Delaware limited liability

1

company with its principal office at 1901 W. Cypress Creek Road, Suite 501, Ft. Lauderdale, Florida 33309.  Its registered agent and office is Corporate Creations Network, Inc. located at 11380 Prosperity Farms Road, #221E, Palm Beach Gardens, Florida 33410.  It has three managers, David Hernandez, Alberto Daire and Eliezer Hernandez.

7. Defendant Liberty Power Holdings, LLC is a Delaware limited liability company with its principal office at 1901 W. Cypress Creek Road, Suite 600, Ft. Lauderdale, Florida 33309.  Its registered agent name and office is Corporate Creations Network, Inc. located at 1443 West Belmont Avenue Unit C, Chicago, Illinois 60657.  It has three managers, the same David Hernandez, Alberto Daire and Eliezer Hernandez.

8. Liberty Power Corp., LLC and Liberty Power Holdings, LLC are jointly engaged in the business of a selling electrical energy to consumers and businesses, calling themselves "Liberty Power."

**FACTS**

9. During June and July 2013, plaintiff received a series of telephone calls on his cell phone from 877-436-7162. The telephone calls included at least the following:

> June 25, 2013, at 11:21 a.m.
> June 27, 2013, at 3:55 p.m.
> July 2, 2013, at 11:32 a.m.
> July 8, 2013, at 3:49 p.m.
> July 22, 2013, at 3:25 p.m.
> July 24, 2013, at 12:37 p.m.
> July 25, 2013, at 9:33 a.m.
> July 25, 2013, at 11:02 a.m.
> July 25, 2013, at 11:05 a.m.
> July 25, 2013 at 12:07 p.m.
> July 25, 2013 at 4:28 p.m.
> July 26, 2013, at 11:52 a.m.

10. The 877-436-7162 number is issued to "Liberty Power."

11. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

12. When plaintiff answered a couple of the calls, there was a distinct pause

before a live person came on the line, a characteristic of a predictive dialer. The person sought to sell electricity to Plaintiff.

13. Return calls to 877-436-7162 are answered by an automated or recorded voice asking the caller to wait for the next available representative, also indicative of an automated call management system.

14. Plaintiff did not authorize the automated placement of calls to his cell phone.

15. Plaintiff did not furnish his cell phone number to defendant.

16. Plaintiff and each class member is entitled to statutory damages.

17. Defendants violated the TCPA even if their actions were only negligent.

18. Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

19. Plaintiff incorporates paragraphs 1-18.

20. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

**(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

21. The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

22. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

23. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with numbers in the area codes 217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872 (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls from defendants.

24. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

25. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;

   b. The manner in which defendants obtained the cell phone numbers numbers;

        c.      Whether defendants thereby violated the TCPA.

26. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

27. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

28. Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

29. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendants for:

    (1)    Statutory damages;

    (2)    An injunction against further violations;

    (3)    Costs of suit;

    (4)    Such other or further relief as the Court deems just and proper.

                                          s/ Daniel A. Edelman
                                          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                s/ Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)